THULLEN v. TRIUMPH ELECTRIC CO.

(Circuit Court of Appeals, Third Circuit. March 30, 1914.)

No. 1817.

INJUNCTION (§ 143*)—PRELIMINARY INJUNCTION—RIGHT TO WRIT—EQUITY RULES.

Where, in a suit to compel specific performance of a contract to assign to complainant any patents obtained on inventions conceived by defendant while in complainant's employ, the bill charged that defendant had obtained a specific patent on an electric motor controller, but had refused to assign the same, and was endeavoring to sell the patent to others, and, if he succeeded in transferring the same to innocent third parties, complainant would be remediless, it sufficiently showed that in that event complainant would suffer immediate and irreparable loss, so as to entitle it to a preliminary injunction without notice against such transfer, under equity rule 73 (33 Sup. Ct. xxxix), providing that no restraining order shall be granted without notice, unless it clearly appears from specific facts that immediate or irreparable loss or damage will result from the refusal thereof.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 315; Dec. Dig. § 143.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit by the Triumph Electric Company against Louis H. Thullen. From an interlocutory decree, granting complainant a preliminary injunction (209 Fed. 938), defendant appeals. Affirmed.

E. H. Fairbanks and Furth, Singer & Bortin, all of Philadelphia, Pa., for appellant.

Henry N. Paul, Jr., of Philadelphia, Pa., and Lawrence K. Sager, of New York City, for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

GRAY, Circuit Judge. This is an appeal by the defendant below from an interlocutory decree granting a preliminary injunction, upon a bill of complaint, duly sworn to, alleging that by virtue of certain agreements between complainant and defendant, complainant is the owner of letters patent No. 1,070,638, issued to defendant August 19, 1913, and asking for a decree establishing such ownership and compelling the defendant to execute a proper transfer of the same to plaintiff. From the allegation of the bill, the moving affidavits, and the opinion of the court below, granting the motion for a preliminary injunction, the following statement of facts is summarized:

The complainant, the Triumph Electric Company, is a corporation engaged in the manufacture of electric apparatus and machinery of various general types, including electric motors for various purposes. The defendant was employed by the complainant from about December, 1909, until April, 1913, as its chief electrical engineer. Just before the time of his employment, the parties made an agreement in the form of a letter, dated November 22, 1909, which is set forth in the bill of complaint. By subsequent letters, this agreement was kept in force until February 1, 1913, with the exception of a change in the amount of compensation and terms of payment not here material.

The making of these agreements is not in controversy, and it is conceded that the particular part of the agreement involved is contained in the second and third paragraphs of the letter of November 22, 1909, as follows:

"It is mutually understood and agreed that you will devote your entire time and attention to the interests of this company, that, while in its employ, in the event of any design being capable of being made the subject-matter of a patent application, such application and patent shall be assigned to the company, they paying the necessary attorney and Patent Office fees.

"It is understood that this does not apply to any patentable design you may discover, not applicable to the line manufactured by this company."

While the defendant was employed under this agreement, he invented a "control system for electric motors" and applied for a patent upon said system on December 11, 1912. The patent was granted to defendant August 13, 1913, after his employment had terminated. Complainant alleges that, upon learning of the granting of this patent, and that defendant was endeavoring to dispose of the same to other parties, it promptly brought the suit in the case now before us, on November 20, 1913. The bill alleges that the plaintiff was engaged in the manufacture and sale of electrical apparatus of all types and classes for many different purposes, and that the defendant has acted as its chief electrical engineer and had supervision of the design and manufacture of electrical apparatus and systems of all kinds, including control systems for electric motors, and that in pursuance of his duties as such electrical engineer, defendant made experiments and research work, particularly on the design of control systems for electric motors, in the factory and at the expense of the complainant, these experiments and research work leading to the development and invention by the defendant of improved designs in various types and classes of apparatus and electrical systems.

The bill further alleges that, while in the employ of the plaintiff, the defendant invented and applied for the patent here in controversy, for "control system for electric motors," that the invention of this patent was made by the defendant in the course of his regular duties, under the terms of the agreement, and that the apparatus embodying the patented system was built at plaintiff's factory, at the expense of the plaintiff, for one of its customers, in the regular course of plaintiff's business. It is further alleged, and the allegation is supported by the moving affidavits, that the device of the said patent was applicable to the class or line of goods manufactured by complainant.

Motion was made for a restraining order, upon the affidavit of the

president of the complainant company setting forth that he had been informed and believed that defendant was about to dispose of the title or rights under the patent, and that he is continuing the endeavor to make such disposal. The affidavit further states that the only recourse which plaintiff has for protecting its rights under the patent and to prevent an innocent third party from obtaining the rights thereunder, without notice of plaintiff's claim, is to resort to this action and obtain a restraining order, preventing transfer of such rights without notice. Appellant objects to the granting of the restraining order, on the ground that it was ex parte, without notice to defendant and without any averment of "immediate and irreparable loss or damage," contrary to the requirement of the seventy-third equity rule of the Supreme Court (33 Sup. Ct. xxxix). As that rule only requires that no restraining order shall be granted without notice to the opposite party, unless it shall clearly appear from specific facts that immediate and irreparable loss or damage will result to the applicant, it is only necessary to point out what is very obvious from the record, that the specific facts shown by affidavit make it appear that such irreparable loss to the complainant will occur unless it may have the restraining order and preliminary injunction appealed from, if at final hearing the complainant establishes his title to the property which is the subject matter of the suit.

Defendant does not deny that he was attempting to dispose of the patent, and it is apparent that if such transfer were made to innocent third parties, for value, without notice, complainant would be remediless, so far as any enforcement of its right to a transfer of the patent from the defendant is concerned, should that right be established by final decree.

There could hardly be a better illustration of the office and necessity of a restraining order than is presented by the case before us.

The preliminary injunction as decreed is the ordinary one issued for the purpose of preserving the subject matter in dispute, until time and opportunity is afforded for a judicial investigation of the rights in controversy. The learned judge of the court below has carefully discussed the moving papers for the preliminary injunction and the counter affidavits of the defendant, and has found a prima facie case in favor of the complainant, justifying him in the exercise of his judicial discretion in granting the preliminary injunction asked for. He has, moreover, carefully safeguarded the defendant's rights, by requiring that the complainant shall give bond in $5,000 to secure defendant from loss, in the event of complainant's failing at final hearing to establish its right to the ownership of the patent.

From a careful examination of the record and the opinion of the court below, we think that neither the restraining order nor the preliminary injunction was improperly or unwisely issued. The decree of the court below is therefore affirmed.